MCCULLOCH | KLEINMAN LAW

Kevin P. McCulloch (KM0530)
kevin@mkiplaw.com
Nate A. Kleinman (NK3168)
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for PLAINTIFF*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO RAVAZZANI,<br><br>    *PLAINTIFF*,<br><br>    v.<br><br>JESSICA PARK and COMING SOON, LLC d/b/a AMPERSAND AS APOSTROPHE,<br><br>    *DEFENDANTS*. | Civil Case No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff PABLO RAVAZZANI ("PLAINTIFF"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint against DEFENDANTS JESSICA PARK and COMING SOON, LLC d/b/a AMPERSAND AS APOSTROPHE (together "DEFENDANTS") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement and related claims brought against DEFENDANTS for unauthorized and infringing uses of PLAINTIFF'S original, copyrighted photograph identified herein and that are the subject of this action (the "SUBJECT PHOTOGRAPH").

2. A true and correct copy of PLAINTIFF'S original SUBJECT PHOTOGRAPH is attached hereto as EXHIBIT 1.

3. PLAINTIFF seeks damages and other relief related to DEFENDANTS' knowing and willful infringements of PLAINTIFF'S copyrights in the SUBJECT PHOTOGRAPH.

## PARTIES

4. PLAINTIFF is a professional photographer who makes his living creating and licensing photographs, primarily for specific commercial clients.

5. PLAINTIFF is a resident of New York, New York.

6. PLAINTIFF created the SUBJECT PHOTOGRAPH and exclusively owns all of the copyrights thereto.

7. Defendant Coming Soon, LLC d/b/a AMPERSAND AS APOSTROPHE (hereinafter "AAA") is a limited liability company registered in the State of Washington, with its a principal address located at 209 W. 38th Street, Room 503, New York, NY 10018.

8. AAA is a luxury handbag and leather goods brand founded, owned, and operated by Defendant Jessica Park ("PARK").

9. Upon information and belief, PARK is a resident of New York, New York.

10. Upon information and belief, PARK is the principal owner, manager, and principal product designer of AAA.

11. PARK, either personally or through her company AAA, owns and operates a website located at http://www.ampersandasapostrophe.com (the "AAA WEBSITE").

12. DEFENDANTS use the AAA WEBSITE to advertise and sell various fashion-related products, including various lines of luxury leather handbags.

## JURISDICTION AND VENUE

13. Jurisdiction for PLAINTIFF'S claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

14. This Court has personal jurisdiction over DEFENDANTS because they reside in this District and conduct substantial, ongoing business in the State of New York and this District.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the alleged misconduct by DEFENDANTS giving rise to the claims asserted herein occurred in this District and under 28 U.S.C. § 1400(a) because DEFENDANTS reside in and/or may be found in this District and infringed PLAINTIFF'S copyrights in this District as alleged herein.

## FACTUAL ALLEGATIONS

16. In May 2019, PLAINTIFF was retained by DEFENDANTS to shoot a series of photographs for AAA's 2019 "lookbook" that encompassed a line of various clothing items and handbags that DEFENDANTS offered for sale in 2019.

17. Pursuant to a written agreement (the "2019 LICENSE"), PLAINTIFF granted a limited license to DEFENDANTS in which the usage rights were expressly limited to publishing the 2019 PHOTOGRAPHS on AAA's "website, social media and 1 postcard, for 1 year."

18. No other rights were granted to DEFENDANTS, and all of the usage rights licensed to DEFENDANTS were expressly limited by and subject to the stated "1 year" term.

19. Following a photoshoot in May 2019, PLAINTIFF delivered thirty-two (32) photographs to DEFENDANTS that were subject to this limited 2019 LICENSE the ("2019 PHOTOGRAPHS"), including the SUBJECT PHOTOGRAPH.

20. PLAINTIFF did not create the 2019 PHOTOGRAPHS on a work-for-hire basis and did not transfer or assign any exclusive rights to or the copyrights in the 2019 PHOTOGRAPHS to DEFENDANTS.

21. At all times, PLAINTIFF retained, and still exclusively owns, all copyrights in and to the 2019 PHOTOGRAPHS.

22. PLAINTIFF has registered his copyrights in all 32 of the 2019 PHOTOGRAPHS, including the SUBJECT PHOTOGRAPH, with the U.S. Copyright Office as a group registration covering multiple individual works under Registration No. VA 2-213-060 with an effective date of July 2, 2020.

23. A true and correct copy of PLAINTIFF'S copyright registration certificate is attached hereto as <u>EXHIBIT 2</u>.

24. After the end of the limited one-year term stated in the 2019 LICENSE, PLAINTIFF discovered that DEFENDANTS were continuing to use many of the 2019 PHOTOGRAPHS, including the SUBJECT PHOTOGRAPH, and had provided copies of certain of the 2019 PHOTOGRAPHS to third-party retailers who had published them on their respective websites without permission and contrary to the stated terms of the 2019 LICENSE.

25. On November 19, 2020, after DEFENDANTS ignored multiple notices from PLAINTIFF advising them that the limited 2019 LICENSE had expired, PLAINTIFF filed suit

against DEFENDANTS and various third-party retailers in an action in this District entitled *Ravazzani v. Coming Soon, LLC, et al.*, Case No. 1:20-cv-9374-VSB (the "2020 action").

26. The 2020 action was dismissed following the settlement of the claims and a formal written settlement agreement that was entered into by the parties in December 2020 (the "2020 SETTLEMENT AGREEMENT").

27. Pursuant to the 2020 SETTLEMENT AGREEMENT, DEFENDANTS were required to and did remove all of the 2019 PHOTOGRAPHS from the AAA WEBSITE.

28. Despite having already been sued for copyright infringement and agreeing to a settlement of those claims, DEFENDANTS subsequently republished an edited version of the SUBJECT PHOTOGRAPH that merely changes the color of the leather of the handbag to the AAA WEBSITE without a license or permission—and in direct defiance of the 2020 SETTLEMENT AGREEMENT—to promote various versions of its leather "sideways tote" luxury handbag.

29. Specifically, DEFENDANTS used the SUBJECT PHOTOGRAPH to promote and advertise at least eight (8) different versions of the "sideways tote" handbag.

30. Prior to bringing this action, PLAINTIFF'S counsel sent multiple notices via e-mail to PARK and by mail to both the AAA store and the registered agent for AAA demanding that DEFENDANTS remove the SUBJECT PHOTOGRAPH from the AAA WEBSITE and notifying them that this reuse of the SUBJECT PHOTOGRAPH violated the 2020 SETTLEMENT AGREEMENT and blatantly infringed PLAINTIFF'S copyrights therein.

31. To date, DEFENDANTS have ignored these written notices and have not removed the SUBJECT PHOTOGRAPH from the AAA WEBSITE or from the listings for the relevant "sideways tote" handbags.

32. Attached hereto as <u>EXHIBIT 3</u> are true and correct copies of recent screen captures showing the SUBJECT PHOTOGRAPH being displayed on the AAA WEBSITE.

33. Upon information and belief, the unlicensed uses identified herein are not the only infringing uses of the SUBJECT PHOTOGRAPH.

34. Because information regarding the full scope of the use of PLAINTIFF'S unlicensed and infringing use of the SUBJECT PHOTOGRAPH by DEFENDANTS remains in their sole possession, the full scope of DEFENDANTS' infringement has not yet been ascertained.

## COUNT I
## COPYRIGHT INFRINGEMENT

35. PLAINTIFF repeats and re-alleges each of the allegations set forth above as if set forth fully herein.

36. PLAINTIFF is the author and exclusive owner of all of the copyrights in and to the SUBJECT PHOTOGRAPH and has registered his copyrights therein with the U.S. Copyright Office under Registration No. VA 2-213-060.

37. The foregoing facts constitute an infringement of PLAINTIFF'S copyrights in and to the SUBJECT PHOTOGRAPH in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

38. DEFENDANTS copied, displayed, published, displayed, and/or otherwise used the SUBJECT PHOTOGRAPH without a license, permission, or authorization from PLAINTIFF.

39. DEFENDANTS used the SUBJECT PHOTOGRAPH without permission or license to directly promote and advertise at least eight different versions of the "sideways tote" luxury handbag and to demonstrate to customers what the product looks like while being used by a model in order to encourage them to purchase the product.

40. DEFENDANTS' unlicensed and infringing uses of the SUBJECT PHOTOGRAPH directly and significantly contributed to and helped generate or consummate sales of these versions

of the "sideways tote" handbag, many of which were recently identified on the AAA WEBSITE as being either entirely "sold out" and/or are "BEST SELLER" products.

41.     DEFENDANTS continued to display and exploit the SUBJECT PHOTOGRAPH even after being notified of the infringements by counsel for PLAINTIFF.

42.     DEFENDANTS acted intentionally and/or in reckless disregard of PLAINTIFF'S copyrights in and to the SUBJECT PHOTOGRAPH, including by republishing the SUBJECT PHOTOGRAPH despite knowing that they had no rights or license to reuse it and having previously been sued for and settling claims for copyright infringement related to this same work.

43.     Upon information and belief, PARK personally owns and/or operates the AAA WEBSITE and was directly involved in the unlicensed editing, copying, and publishing of the SUBJECT PHOTOGRAPH to the AAA WEBSITE.

44.     Upon information and belief, PARK personally selected the SUBJECT PHOTOGRAPH to be copied, published, and/or displayed to the AAA WEBSITE and/or personally did copy, publish, and/or display it to the AAA WEBSITE.

45.     To the extent that PARK did not personally copy, publish, and/or distribute the SUBJECT PHOTOGRAPH to the AAA WEBSITE, she is contributorily and/or vicariously liable for the infringement of PLAINTIFF'S copyrights.

46.     Upon information and belief, PARK has the right and practical ability to control the publishing of any photographs to the AAA WEBSITE.

47.     Upon information and belief, PARK controls and decides what photographs are selected to be published to the AAA WEBSITE.

48.     Upon information and belief, PARK has direct control and/or supervision of the AAA website and the content displayed thereon.

49. Upon information and belief, PARK had the right and practical ability to remove the SUBJECT PHOTOGRAPH from the AAA WEBSITE after being contacted by PLAINTIFF, through counsel, but she failed to do so.

50. PARK was personally a party to the 2020 SETTLEMENT AGREEMENT and was personally responsible for ensuring that the 2019 PHOTOGRAPHS were removed from the AAA WEBSITE and for ensuring compliance with that agreement, including that none of the 2019 PHOTOGRAPHS owned by PLAINTIFF would be reused in any manner, including by republishing them to the AAA WEBSITE to promote or advertise numerous iterations of the DEFENDANTS' best-selling luxury handbags.

51. PARK received a direct financial benefit from sales of the products that DEFENDANTS advertised and promoted with the unlicensed copies of the SUBJECT PHOTOGRAPH.

52. PARK intentionally induced and materially contributed to the infringing activities of AAA, as alleged herein.

53. By copying, distributing, displaying, publishing, and otherwise exploiting PLAINTIFF'S copyrighted work, DEFENDANTS infringed PLAINTIFF'S copyrights in the creative work identified herein and caused PLAINTIFF significant injuries, damages, and losses in amounts to be determined at trial.

54. PLAINTIFF'S copyrights in and to the SUBJECT PHOTOGRAPH were registered with the U.S. Copyright Office prior to the infringing conduct alleged herein that is the subject of this action.

55. PLAINTIFF seeks all damages recoverable under the Copyright Act, including statutory or actual damages, any profits attributable to the infringements and damages suffered as

a result of the lack of compensation, credit, and attribution from any diminution in the value of PLAINTIFF's copyrighted work.

**WHEREFORE,** PLAINTIFF respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against DEFENDANTS from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring DEFENDANTS to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of PLAINTIFF'S Photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of DEFENDANTS;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, at PLAINTIFF'S later election, and including damages incurred as a result of PLAINTIFF'S loss of licensing revenue and DEFENDANTS' profits attributable to the infringement; and

4. For such other and further relief as the Court deems just and proper.

Dated:   April 24, 2024

                                              Respectfully submitted,

                                              */s/ Kevin McCulloch*
                                              Kevin P.
                                              kevin@mkiplaw.com
                                              McCulloch | Kleinman Law
                                              501 Fifth Avenue, Suite 1809
                                              New York, New York 10017
                                              Tel: (212) 355-6050

                                              *Counsel for Plaintiff*