UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――――
PABLO RAVAZZANI,
      Plaintiff,

-v-

JESSICA PARK, *et al.*,
      Defendants.
――――――――――――――――――――――――――

24-CV-3139 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Defendants Jessica Park and Coming Soon, LLC, d/b/a/ Ampersand as Apostrophe (together "Defendants") move this Court to vacate the default judgment entered against them. For the reasons that follow, the motion is denied without prejudice to renewal on or before October 31, 2025, if supported by medical records to fully substantiate Park's claim of temporary medical incapacity.

**I. Background**

  Plaintiff Pablo Ravazzani ("Plaintiff") brings this copyright infringement action based upon his allegations that in 2019, defendants Jessica Park and her company, Ampersand as Apostrophe ("AAA"), hired him to take photographs of clothing items and handbags for AAA. (ECF No. 1 ("Compl.") ¶ 16.) Plaintiff alleges that he delivered thirty-two photographs to Defendants and granted Defendants the usage rights to those photographs for a term of one year. (*Id.* ¶¶ 18, 19.) Plaintiff alleges that after the expiration of the one-year usage rights, Defendants subsequently published without authorization an edited version of one photograph of which Plaintiff was the owner of the rights. (*Id.* ¶ 28.)

  Plaintiff filed his Complaint on April 24, 2024. (*See* Compl.) Per Plaintiff's request (ECF No. 10), this Court extended Plaintiff's time to effect service of the complaint and

summonses until August 29, 2024, and authorized electronic service (ECF No. 11).  On August 6 and 7, 2024, Defendants were served the complaint with its exhibits, summonses, and court orders.  (ECF No. 13).

Defendants failed to answer, plead, or otherwise defend the instant action within the required period of time under Federal Rule of Civil Procedure 12(a)(1)(A)(i).  As a result, Plaintiff filed a request for the issuance of a certificate of default.  (ECF No. 18.)  On October 30, 2024, the Clerk entered a Certificate of Default.  (ECF No. 20.)  On November 27, 2024, Plaintiff filed a motion for default judgment as to Defendants.  (ECF No. 23.)  Plaintiff served the motion of default judgment and other supporting documents on Defendants on December 2, 2024, by both certified mail and e-mail, in accordance with Local Rule 55.1(a)(4).  (ECF No. 27.)  On January 10, 2025, this Court granted Plaintiff default judgment of copyright infringement against Defendants along with statutory damages of $60,000.00 and attorneys' fees and costs of $19,535.00, for a total amount of $79,535.00.  (ECF No. 28.)

On July 28, 2025, Plaintiff filed a motion to release funds, as Defendants had paid nothing toward satisfaction of the Court's January 10, 2025 Order.  (ECF No. 30.)  Again, Plaintiffs served Defendants with the motion to release funds.  (ECF No. 32.)  On August 12, 2025, Defendants appeared on the docket for the first time.  That day, Defendants filed the instant motion to vacate default judgment (ECF No. 34) and accompanying memorandum of law (ECF No. 36 ("Def. Mem.").)[1]

---

[1] Defendants filed their motion to vacate default judgment as an order to show cause, because "[P]laintiff . . . moved for a turnover order regarding funds which have been restrained" (ECF No. 30), thus Defendants asked "the Court to stay any enforcement" of the default judgement (ECF No. 36 at 1).  Rather than proceed by order to show cause, this Court construed Defendants' filing as a motion to vacate default judgment.  (ECF No. 38.)

2

**II.     Legal Standard**

Defendants move to vacate default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) on the grounds that Defendant Jessica Park was hospitalized, that Defendants have a meritorious defense, and that Plaintiff will not be prejudiced by a vacating of the default judgment. (Def. Mem. at 4-5.)

Here, judgment has been entered, thus Rule 60(b) controls. Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions under Rule 60(b) appeal to the sound discretion of the district court. *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991). There is a "strong preference" for adjudications on the merits and, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief." *New York v. Green,* 420 F.3d 99, 104 (2d Cir.2005). That said, the Second Circuit has instructed court to remain mindful of the admonition that "final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Because Defendants' argument raises an issue of excusable neglect, this Court construes Defendants' motion to vacate as one pursuant to Rule 60(b)(1). (*See* Def. Mem. at 4 ("Rule 60(b)(1) provides that a court may vacate a judgment on the basis of 'mistake, inadvertence,

3

surprise, or excusable neglect.'"); ECF No. 47 ("If defendant was psychologically incapable of responding to court process—for whatever reason—then her failure to do so may be excusable") (cleaned up).)  In their briefing, Defendants advance arguments, and Plaintiff responds accordingly, under the broader three-factor framework that guides the Court's exercise of discretion in ruling on post-default-judgment motions under Rule 60(b). (*Id.* (citing *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) (holding that the exercise of discretion under Rule 60(b) is "guided by three principal factors: [i] whether the default was willful, [ii] whether the defendant demonstrates the existence of a meritorious defense, and [iii] whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." (internal quotation marks and citation omitted))).)

Before this Court can address the three-factor framework, however, it likely needs to employ the "excusable neglect" analysis based on the U.S. Supreme Court's interpretation of that term in *Pioneer Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *See FedEx TechConnect Inc. v. OTI Inc.*, 12-CV-1674, 2013 WL 5405699 (S.D.N.Y. Sept. 23, 2012); *Suazo v. Bryant Properties 769*, 21-CV-2996, 2024 WL 967226 (S.D.N.Y. Mar. 5, 2024).

In *Pioneer*, the U.S. Supreme Court interpreted the phrase "excusable neglect" in the context of Bankruptcy Rule 9006(b) and concluded that courts must consider: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.  "The Second Circuit has since adopted the interpretation of that phrase in *Pioneer* in cases under Rule 60(b)(1)." *FedEx TechConnect Inc.*, 2013 WL 5405699, at *3 (citing *Pollard v. Does,* 452 F. App'x 38, 40 (2d Cir.2011); *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 249-50 (2d Cir. 1997)); *see also Silivanch v. Celebrity Cruises, Inc.,*

333 F.3d 355, 366 (2d Cir.2003) (noting that the Second Circuit has applied *Pioneer*'s definition of excusable neglect beyond the bankruptcy context, including to Rule 60(b)(1)).

Although the Second Circuit has been unclear about the relative appropriateness of the *Pioneer* framework, *OTI Inc.*, 2023 WL 5405699 at *2, this Court understands the Second Circuit as instructing a district court to first determine whether the movant's neglect qualifies as "excusable" under the *Pioneer* factors before it undertakes any additional analysis under the broader three-factor framework that applies in the default-judgment context. *Suazo*, 2024 WL 967226 at *6 (citing *William v. City of New York*, 727 F. App'x 30, 31-32 (2d Cir. 2018) (summary order)). With that guidance in mind, the Court considers the parties' arguments under the *Pioneer* factors.

Under *Pioneer*, the most important factor in determining whether excusable neglect exists is the "reason for the delay." As the Second Circuit has explained, in the typical case, the three other *Pioneer* factors (prejudice, length of the delay, and the movant's good faith) will weigh in favor of the party seeking the extension. *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005); *see also King v. City of New York*, No. 20-CV-8283, 2021 WL 1856840, at *2 (S.D.N.Y. Apr. 6, 2021). The Second Circuit's excusable neglect analysis therefore "focuse[s] on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Id*. (citation and quotation marks omitted). The Court thus turns to analyzing the reason for the delay in this case. *See, e.g.*, *Lehr Construction Corp. v. Flaxer*, No. 16-CV-4048, 2017 WL 464428, at *3 (S.D.N.Y. Feb. 2, 2017) (analyzing only the third factor in the court's analysis of excusable neglect).

**III.   Discussion**

Defendants move to vacate the default judgment pursuant to Rule 60(b)(1) based upon "excusable neglect," asserting that their default was the result of Park's "physical condition and health problems." (ECF No. 47 at 3.) In her declaration in support of her motion, Park discusses her history of the serious health conditions that prevented her from dealing with this case after it was brought. (ECF No. 35 ¶¶ 3-7.) According to Park, she was hospitalized for six months at an Ayurvedic hospital in India and was forced to close her business. (*Id.* ¶ 3.) Once she returned to New York, she "saw countless doctors all over New York, and went to Mount Sinai Hospital many times." (*Id.* ¶ 5.) Given her bad health, Park "hadn't checked the company email since June 2023, or even earlier." (*Id.*)

Park has not filed any documentation to corroborate her claims of illness and hospitalization. Rather, Park's declaration requests that her "sworn statement suffice for now as evidence of [her] illness and inability to respond to this action," although she has "a hand-written journal account of these many months and [has] hundreds of photos and videos documenting [her] health condition" that she could submit to the court. (*Id.* ¶ 4.) Park provides no evidence to corroborate her assertion that she was hospitalized during the relevant time period. Although the Court is sympathetic, Park's assertions that she was in the hospital in India and in the United States, with no accompanying dates (ECF No. 35 ¶ 3), and without any accompanying documentation, do not amount to the "highly convincing evidence" required to show excusable neglect. *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 182 (2d Cir. 2017).

That said, equitable factors may tip the balance in favor of vacating the default judgment. The fact that a sum of money is at stake in this action tips the scales in favor of Defendants. *See,*

6

*e.g., Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir.1986) (noting that large sums of money militate against default judgments); *Keebler v. Rath*, No. 09-4476, 405 Fed. App'x 517, at *519 (2d Cir. Oct. 22, 2010) (summary order); *131 Main St. Assocs., Inc. v. Manko*, No. 93-CV-800, 1998 WL 811875, at *5 (S.D.N.Y. Nov. 19, 1998); *Gumbs & Thomas Publishers, Inc. v. Lushena Books*, No. 99-CV-3608, 2003 WL 21056983, at *2 (E.D.N.Y. Mar. 3, 2003).

Given that equitable factors may lean in favor of Defendants and that Park claims that she has in her possession evidence of her hospitalization during the relevant time period, this Court would be inclined to find excusable neglect and to address the three-factor framework if, on renewed motion, Defendants include medical records that fully substantiate Park's claim of illness and hospitalization. *See Bey v. Bakota*, 19-CV-1090, 2022 WL 897138, at *4 (D. Conn. Mar. 28, 2022) (granting the moving party the opportunity to renew the 60(b) motion to vacate final judgment to include accompanying medical records). The records of illness and hospitalization will be accepted for filing under seal to protect Park's confidentiality. *See id.*

### IV.  Conclusion

For the reasons stated above, the court DENIES Defendants' motion to vacate judgment (ECF. No. 34) without prejudice to renewal of the motion on or before October 31, 2025, accompanied by medical records that fully substantiate her claims of excusable neglect.

SO ORDERED.

Dated: October 16, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge